**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 16, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

DEMARCO D. BLEDSOE,

    Plaintiff - Appellant,

v.

MARK SCHLACHTENHAUFEN,

    Defendant - Appellee.

No. 20-6093
(D.C. No. 5:20-CV-00328-J)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Pro se appellant Demarco D. Bledsoe appeals the district court's dismissal of his complaint alleging constitutional violations pursuant to 42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**I**

On September 24, 2014, Mark Schlactenhaufen, a journalist for the Edmond Sun, published an online article reporting that Appellant was charged with "beating a

---

    * After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

female Logan County jail guard and verbally assaulting another female jail officer." Appellant filed a complaint in the Western District of Oklahoma, alleging that this statement is false because the purported victim was male. He further alleged that the false statement caused him great mental anguish, placed in him in physical danger in prison due to prison politics around offenses involving violence against women, and harmed his ability to pursue a career in the NFL after his release from prison. The complaint asserted violations of the Fifth and Fourteenth Amendments under § 1983.

The district court referred the complaint to a magistrate judge for screening pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommended that the complaint be dismissed for failure to state a claim. The district court adopted the magistrate judge's recommendation over Appellant's objections and dismissed the complaint. Appellant filed this timely appeal.

## II

A lawsuit alleging that a person was harmed by a false newspaper article would normally be brought as a libel claim under state law. See, e.g., Gaylord Entm't Co. v. Thompson, 958 P.2d 128, 146 (Okla. 1998); see also Okla. Stat. Ann. tit. 12, § 1441. Appellant does not assert a state law libel claim, but instead advances a claim under § 1983, arguing that Schlachtenhaufen violated Appellant's rights under the Fifth and Fourteenth Amendments.

Section 1983 protects an individual's constitutional rights from harm committed "under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). This generally limits the reach of § 1983 to lawsuits against state employees or officials.

2

However, private individuals may be sued for their actions under § 1983 if "the conduct allegedly causing the deprivation of a federal right [is] fairly attributable to the State." Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). We have held that acts of a private individual can be attributable to the state under one of four tests: the nexus test, the symbiotic relationship test, the joint action test, or the public function test. Gallagher v. Neil Young Freedom Concert, 49 F.3d 1442, 1447 (10th Cir. 1995).

"Under the nexus test, a plaintiff must demonstrate that there is a sufficiently close nexus between the government and the challenged conduct such that the conduct may be fairly treated as that of the State itself." Id. at 1448 (quotation omitted). The symbiotic relationship test finds state action when "the [S]tate has so far insinuated itself into a position of interdependence with a private party that it must be recognized as a joint participant in the challenged activity." Id. at 1451. The joint action test extends § 1983 liability to a "willful participant in joint action with the State or its agents." Id. at 1453. Finally, under the public function test, a private individual may be deemed a state actor if the state delegates to that individual a function "traditionally exclusively reserved to the State." Id. at 1456.

Appellant did not allege facts that support finding Schlachtenhaufen is a state actor under any of these tests. Appellant's complaint involved no allegations of any coordination between Schlachtenhaufen and state officials; indeed, the complaint does not allege that any state official was even aware of Schlachtenhaufen's article.

3

Appellant cites <u>Gertz v. Robert Welch, Inc.</u>, 418 U.S. 323 (1974) for support, but <u>Gertz</u> did not involve § 1983.  Instead, it held that that a publisher who defames a private individual who is not a public figure may not rely on <u>New York Times Co. v. Sullivan</u>, 376 U.S. 254 (1964) to protect itself from liability.  We do not consider whether Schlachtenhaufen is entitled to <u>New York Times</u> protection in this case because Appellant's complaint did not include a state-law defamation claim against Schlachtenhaufen.

Because Appellant did not allege a constitutional violation caused by a state actor, the district court was correct to dismiss the complaint.[1]

### III

The district court's dismissal for failure to state a claim is **AFFIRMED**.  The district court certified in writing that any appeal taken from its order would not be in good faith; therefore, Appellant's motion to proceed in forma pauperis is **DENIED**. 28 U.S.C. § 1915(a)(3).  Appellant is obligated to pay the filing fee in full.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[1] Appellant's motion to appoint counsel is denied as moot.

4